IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY D. REYNOLDS,

        Plaintiff,                  No. CIV S-90-0984 WBS GGH P

    vs.

SACRAMENTO COUNTY JA, et al.,

        Defendants.         ORDER

                                      /

        Plaintiff filed an action in 1990 seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint was dismissed and this action was closed on July 5, 1991.

        Plaintiff has filed a one-paragraph letter styled as a "motion to reopen case." In it, plaintiff states that the action "has flo[u]ndered due to my mental health and the fact that I was [i]ncarcerated" in federal prison and/or the state of Arizona. Plaintiff asks if, under the circumstances, he may reopen this action.

        Federal Rule of Civil Procedure 60(b)(6) allows cases to be reopened under "extraordinary circumstances." Rule 60 provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been

1

satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  "Rule 60(b) [ ] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment."  Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n. 5 (9th Cir.1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir.1970)).

Here, plaintiff has made no showing that any of the grounds constituting "extraordinary circumstances" under Rule 60(b)(6) are present.  Accordingly, his motion to reopen the case will be denied.

IT IS HEREBY ORDERED that plaintiff's motion to reopen the case (Doc. #21) is denied.

DATED: March 9, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: MH
reyn0984.ord